STATE OF HAWAI'I, Plaintiff-Appellee,
v.
PHILLIP J. BOUSMAN, Defendant-Appellant.
No. 28747
Intermediate Court of Appeals of Hawaii.
December 31, 2008.
NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER
On the briefs:
Jon N. Ikenaga, Deputy Public Defender, for Defendant-Appellant.
Kenee Ishikawa Delizo, Deputy Prosecuting Attorney, County of Maui, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
(By: RECKTENWALD, C.J., Watanabe and Nakamura, JJ.)
Defendant-Appellant Phillip J. Bousman appeals from the July 20, 2007 Judgment filed in the Circuit Court of the Second Circuit (circuit court) convicting him of Unauthorized Entry into a Motor Vehicle (UEMV) in violation of Hawaii Revised Statutes . (HRS) § 708-836.5 (Supp. 2006), and Assault in the Second Degree in violation of HRS § 707-711(1) (Supp. 2006).[1]
The charges stemmed from an incident which occurred during the early morning hours of June 10, 2006 in the parking lot of the apartment complex where Bousman and complaining witness, Corey Lahore, both lived. Bousman testified that he was using a flashlight to check the parking lot for potential thieves when he saw two people enter a vehicle which he did not recognize. Bousman approached the vehicle, which was being driven by Labore, and a confrontation ensued. Labore testified that Bousman reached into the vehicle, "hit me with like a bat or something," and then began punching Labore. Labore suffered a broken nose. Bousman testified that he acted in self-defense because he thought that Labore was going to get out of the vehicle and might be reaching for a weapon.
A jury found Bousman guilty as charged, and the circuit court sentenced Bousman to probation for a period of five years. The terms and conditions of probation included 30 days of imprisonment to be served over 15 consecutive weekends, with credit for time served.
Bousman now appeals, arguing that:
(1) The deputy prosecuting attorney (DPA) made statements during his rebuttal closing argument which constituted prosecutorial misconduct;
(2) There was "no substantial evidence to support [Bousman's] convictions where his actions were taken in selfdefense";. and
(3) "The lower court plainly erred in failing to instruct the jury on a choice-of-evils defense to the UEMV charge."
After a careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the relevant law, we resolve Bousman's points of error as follows:
(1) The comments made by the DPA in rebuttal closing did not constitute misconduct. Viewed in context, the remarks were part of a proper argument by the DPA for the jury to focus on what the DPA contended were the material facts and to "apply the law [and] follow the [court's] instructions[.]" State v. Clark, 83 Hawaii 289, 304, 926 P.2d 194, 209 (1996) ("[A] prosecutor, during closing argument, is permitted to draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence.") (citations omitted). While some of the prosecutor's comments were inartful, we conclude that they did not cross the line from legitimate comment on the evidence into an impermissible attack on the integrity of defense counsel or an attempt to inflame the passions of the jury. State v. Meyer, 99 Hawai'i 168, 172, 53 P.3d 307, 311 (App. 2002). In reaching that conclusion, we note that the remarks were made in response to a closing argument by defense counsel which repeatedly suggested that Labore was a "liar" or "habitual liar," and further suggested that Labore was engaging in illegal conduct such as "drugs [or] theft" prior to the incident.[2] Id. (citing State v. Klinge, 92 Hawai'i 577, 595, 994 P.2d 509, 527 (2000) (court notes that prosecutor's rebuttal closing was not "uninvited and unsupported by any evidence in the record" when it "was in direct and temporally proximate response to the defense attack" on the credibility of a prosecution witness)); State v. Mars, 116 Hawai'i 125, 142, 170 P. 3d 861, 878 (App. 2007) (noting that "prosecutors have latitude to respond in rebuttal closing to arguments raised by defense counsel in their closing") (citations omitted).
(2) Considering the evidence in the light most favorable to the State of Hawai'i, State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998), we conclude that substantial evidence was adduced by the State to support the jury's determination that the force used by Bousman was not justifiable. HRS §§ 703-301, -304. In substance, Labore testified that he was sitting in the vehicle with the window down when he was hit by Bousman, and that he had not lunged at Bousman or attempted to take off his seatbelt prior to getting hit. Labore's companion, who was in the passenger seat, testified that she had not observed Labore "make any sort of attempt to get out of the car or anything" prior to Labore being hit. Based on this testimony, and the reasonable inferences that can be drawn from it, there was substantial evidence that Bousman did not subjectively believe that his use of force was immediately necessary for the purpose of protecting himself from the use of unlawful force by Labore, and that any such belief was in any event not objectively reasonable. State v. Augustin, 101 Hawai'i 127, 128, 63 P.3d 1097, 1098 (2002).
(3) The circuit court did not err by failing to instruct the jury on a choice-of-evils defense to the UEMV charge. In State v. Smith, 91 Hawai'i 450, 462-63, 984 P.2d 1276, 1288-89 (App. 1999), this court considered whether the trial court had erred when it instructed the jury on the justification of self-defense but failed to give a choice-ofevils instruction in an attempted murder case. We concluded that the court did not err, since "the `choice of evils' defense does not apply because the defense based on the self-defense justification applies." Id at 463, 984 P.2d at 1289; see HRS § 703 -302(1) (b) (choice of evils defense is not applicable when the Hawai'i Penal Code or other law defining the offense "provides... defenses dealing with the specific situation involved").
In the instant case, the circuit court instructed the
jury on self-defense with regard to the assault charge, but did not specifically instruct the jury that self-defense was available as a defense to the UEMV charge. Nevertheless, the court instructed the jury that the elements of the UEMV charge included that defendant entered or remained unlawfully in a motor vehicle, and that he did so "with the intent to commit a crime against the person or against property rights." The DPA argued in closing that these elements were satisfied because Bousman's "purpose was to commit a crime therein against a person... Corey Labore." Defense counsel argued in his closing that Bousman did not intend to commit a crime inside the vehicle, but rather, "[h]is intent was to defend himself."
In other words, when read as a whole, the instructions advised the jury that if the State failed to prove beyond a reasonable doubt that the self-defense justification did not apply to the assault charge, the jury could not find that the "intent to commit a crime" element of the UEMV charge was satisfied based on Bousman's alleged intent to assault Labore. Accordingly, consistent with our holding in Smith, we conclude that the circuit court did not err by failing to instruct the jury on choice-of-evils with regard to the UEMV charge.
Accordingly, the July 20, 2007 Judgment filed in the Circuit Court of the Second Circuit is hereby affirmed.
NOTES
[1] The Honorable Richard T. Bissen, Jr. presided.
[2] The circuit court found that the argument that Labore was engaging in illegal conduct was not supported by the record. We agree. There was no direct evidence supporting the argument, and it was not supported by leasonable inferences based on the evidence admitted at trial.